**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-35887 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-00108-DCN |
| v. | |
| JAMES A. PRATT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted September 18, 2019[**]

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

James A. Pratt appeals pro se from the district court's summary judgment in this foreclosure action brought by the United States to enforce liens on Pratt's property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment in favor of the United States because Pratt failed to raise a genuine dispute of material fact as to whether the Farm Service Agency owned the debt secured by a deed of trust on Pratt's property and whether Pratt was in default on that debt. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."); *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726-729 (1979) (explaining that "federal law governs questions involving the rights of the United States arising under nationwide federal programs," but state law provides the content where a national rule is unnecessary to protect federal interest); *U.S. Bank Nat'l Ass'n N.D. v. CitiMortgage, Inc.*, 337 P.3d 605, 610 (Idaho 2014) (Idaho foreclosure requirements for a loan secured by a deed of trust).

The district court judge did not plainly err in declining to recuse himself sua sponte under 28 U.S.C. § 455 because Pratt failed to demonstrate any grounds for recusal. *See* 28 U.S.C. § 455 (listing circumstances requiring recusal); *United States v. Holland*, 519 F.3d 909, 911-13 (9th Cir. 2008) (setting forth standard of review and explaining that § 455 "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits;" "the reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer" (citation and

internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**